IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Lee Birch, *a/k/a* Reggie Allen, | ) | C/A No. 4:12-0930-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Marion County Sheriff Office; Cpl. Ernie Grice; Agent Mark | ) | FOR PARTIAL DISMISSAL |
| Collins; Agent A. Cribb; E. Walter, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Darrell Lee Birch, *a/k/a* Reggie Allen ("Plaintiff"), a self represented prisoner proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Manhattan Detention Complex in New York; however, his Complaint is "against police officers of the Marion County Sheriff['s] Office" in South Carolina, claiming deprivation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because the Complaint fails to state a claim against Defendants E. Walter and the Marion County Sheriff's Office, the undersigned recommends these Defendants be dismissed as parties to this case. The Complaint states a plausible claim against the remaining Defendants, who are not recommended for dismissal in this report.

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I-iii); *see also* 28 U.S.C. § 1915A (same standard applicable to action filed by prisoner against government entities and government employees).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, some claims Plaintiff presents in this pro se Complaint are subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that, if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so; however, under this review standard, the court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dept. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Analysis

Plaintiff files a civil rights action claiming violation of his constitutional rights by "police officers of the Marion County Sheriff['s] Office, who unlawfully arrested, assaulted, prosecuted, and harassed" him.  ECF No. 1 at 3.  Although the Complaint contains specific allegations of actions taken by several individuals, the statement of claim contains no factual allegations of actions taken by Defendant Walters.  The caption of the case and the list of Defendants on page two of the Complaint name Defendant Walters as a party, but this designation is not sufficient to state a claim against Defendant Walters.  The Complaint contains no allegations identifying the particular conduct of Defendant Walters that is alleged to have harmed Plaintiff.  While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).  The Supreme Court explains further that:

> Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.

*Bell Atlantic Corp. v. Twombly*,  550 U.S. 544, 556 n.3 (2007).  It is well-settled that in order for an individual to be liable under § 1983, it must be affirmatively shown that the individual acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).  Additionally, to state a § 1983 claim, Plaintiff must show that he suffered a specific injury as a result of specific conduct of a Defendant, and an affirmative link between the injury and that conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  The Complaint contains no factual allegations against Defendant Walters, thus fails to state a claim under § 1983 against Defendant Walters. Defendant E. Walters should be dismissed as a Defendant in this § 1983 action.

Plaintiff also names Marion County Sheriff's Office in the caption of the case and in the list of Defendants on page two of his Complaint. The Marion County Sheriff's Office is not subject to suit under § 1983. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (finding suit against the sheriff's office is suit against the state). As an agency of the state, the Marion County Sheriff's Office is immune from suit under the Eleventh Amendment. *Stewart v. Beaufort Cnty.*, 481 F. Supp.2d. 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (neither the state nor its agencies is a "person" within § 1983). The Marion County Sheriff's Office should be dismissed as a Defendant in this case based on Eleventh Amendment immunity from suit.

III.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants E. Walters and Marion County Sheriff's Office be dismissed as parties to this case. The recommended dismissal of these Defendants does not affect the service of the Complaint on the remaining Defendants.


        IT IS SO RECOMMENDED.

June 15, 2012                                  Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).