UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Lee Birch, | ) C/A No. 4:12-00930-MGL-KDW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Report and Recommendation |
| Marion County Sheriff Office, Cpl. Ernie Grice, Agent | ) |
| Mark Collins, Agent A. Cribb, E. Walter, | ) |
| Defendants. | ) |

Plaintiff, a state prisoner proceeding pro se, brought this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on the Motions for Summary Judgment filed on November 2, 2012, by Defendants Grice and Collins, ECF No. 58, and Defendant Cribb, ECF No. 59.[1] The court entered a *Roseboro* Order[2] on November 5, 2012, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 60. Plaintiff responded to Defendants' motions on November 19, 2012, making these Motions ripe for consideration. ECF No. 66. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because these Motions are dispositive, a Report and Recommendation is entered for the court's review.

I.    Background

Plaintiff is currently incarcerated at the Clinton Correctional Facility in Dannemora, New York. In the Complaint filed in this case, Plaintiff alleges that on December 3, 2008, officers with the Marion County Sheriff's Office "busted through the front door" of his cousin's house,

---

[1] Defendants Marion County Sheriff's Office and E. Walter were dismissed as parties on September 6, 2012. ECF No. 49.
[2] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

threw him against the wall, and went through his pockets. Compl. 3, ECF No. 1.  Plaintiff alleges that he repeatedly asked the officers for the search warrant, both at the house and later at the jail, and they refused to provide him with one. *Id.* Plaintiff asserts that he was confined for two years under a parole violation because of the "controlled substance the agents took off me without a search warrant." *Id.*  Plaintiff states that when he was released from prison on February 1, 2011, he was instructed to report to the Marion County court, and once there he "was charged with the drugs the agents illegally obtain[ed] 12-03-2008." *Id.* at 4.  At that time he again asked to see the search warrant and was shown a consent form signed by his cousin for the search on December 3, 2008. Plaintiff alleges the time-frame on the consent form does not match the time-frame on his booking report, nor does the consent form include him in the scope of persons to be searched. *Id.*

Plaintiff asserts he was arrested falsely and alleges violations of his "First amendment right to freedom of expression, his Fourth amendment right to be free from unlawful seizure of his person, his Fifth and Fourteenth amendment right to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his [E]ighth amendment right to be free from cruel and unusual punishment." *Id.* Plaintiff claims that Defendants went "outside of the scope of specific language on the consent search form" and arrested, searched, and placed him in jail "on warrants that was never empowered by a Magistrate Judge till a day after the incident." Am. Compl. 4, ECF No. 1-2. He seeks $5 million in compensatory damages, $5 million in punitive damages, and reversal of his conviction. Compl. 5, ECF No. 1.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine

3

issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

4

III.    Discussion

Defendants assert Plaintiff's claims are barred by the applicable statute of limitations. Section 1983 does not contain an express statute of limitations. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general or residual personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (holding that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's general or residual personal injury statute of limitations is three years. S.C. Code Ann. § 15-3-530(5).

Plaintiff alleges that he was arrested on December 3, 2008. Compl. 3, ECF No. 1. Under *Wallace v. Kato*, 549 U.S. 384, 395 (2007), Plaintiff's cause of action for false arrest accrued on the date he was arrested. *Wallace,* 549 U.S. at 397 ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Therefore, the statute of limitations ran in December 2011. Plaintiff's filing of this case,[3] is untimely by over three-and-one-half months.

---

[3] Plaintiff's Complaint was received and filed by the court on April 2, 2012. *See* ECF No. 1. At the time Plaintiff filed this action, he was incarcerated at the Manhattan Detention Complex in New York, New York. *See* Pl.'s Mot. to Proceed without Payment of Fees, ECF No. 2. Therefore, pursuant to *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), his pleading is to be considered filed when he delivered it to prison authorities for forwarding to district court. The filing does not provide information regarding that date, and Plaintiff does not address the statute of limitations argument in his response to Defendants' Motions. *See* ECF No. 1-1 (envelope mailing Complaint does not indicate date received by prison authorities). However, Plaintiff

Even if Plaintiff's Complaint had been filed timely, Defendants assert it would still be barred based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to § 1983 the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted). Here, Plaintiff was tried and convicted of the charges related to his December 2008 arrest.[4] Plaintiff has not shown that his conviction has been reversed, expunged or otherwise invalidated. Accordingly, to the extent Plaintiff is claiming that his arrest warrant was deficient, his claims are barred under *Heck v. Humphrey*.

---

signed his original Complaint on March 24, 2012, *see* ECF No. 1 at 4 of 5, making that the earliest date he could have provided it to authorities for mailing. Accordingly, the court considers March 24, 2012 the date of filing for purposes of calculating the limitations period. Whether using March 24, 2012, or the date of actual filing, Plaintiff's Complaint was not timely filed.

[4] The public index for the Marion County Judicial Circuit notes that Plaintiff was indicted for two drug offenses, found guilty in a trial, and sentenced to 30 years on both offenses to run consecutively. *See* http://publicindex.sccourts.org/Marion/PublixIndex/CaseDetails.aspx (last visited June 18, 2013). A federal court may take judicial notice of governmental websites, including court records. *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motions for Summary Judgment, ECF Nos. 58 and 59, be *granted* and that this case be dismissed with prejudice.

IT IS SO RECOMMENDED.


June 20, 2013                                          Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**